UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 93-491 |
| MAXON HARVEY MORGAN | SECTION I |

### ORDER & REASONS

Before the Court is defendant Maxon H. Morgan's ("Morgan") motion[1] for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(a). Because Morgan has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

### I.

On June 15, 1994, Morgan was convicted by a jury of conspiracy to import more than 500 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 963.[2] On September 28, 1994, Morgan was sentenced to a term of imprisonment of 432 months.[3] In 2009, Morgan's sentence was reduced to 408 months upon motion by the government.[4] Morgan is currently incarcerated at the D. Ray James Correctional Facility, and his projected release date is March 12, 2023. Morgan has a detainer filed against him by Immigrations and Customs Enforcement.[5]

---

[1] R. Doc. No. 538.
[2] R. Doc. No. 156.
[3] R. Doc. No. 192.
[4] *See* R. Doc. No. 436, at 2. Morgan has previously filed several motions for a sentence reduction, which have been denied. *See* R. Doc. Nos. 274, 279, 378, 466, 469, 485, 494, 498, 506 & 527.
[5] R. Doc. No. 540-2.

Morgan asks the Court to reduce his sentence by 32 months.[6] He argues that a sentence reduction is warranted because he is allegedly unable to receive adequate medical treatment for his sleep apnea at the D. Ray James Correctional Facility, and he is exposed to the risk of contracting COVID-19.[7] Specifically, Morgan asserts that he has not been provided with a Continuous Positive Airway Pressure ("CPAP") machine, which is used to treat sleep apnea.[8] Morgan does not assert, however, that he has submitted a request for a sentence reduction to the warden of the D. Ray James Correctional Facility or otherwise exhausted his administrative remedies.

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all

---

[6] *Id.* at 4.
[7] *See* R. Doc. No. 538, at 2–3.
[8] *Id.* at 3–4. Morgan states that he was previously provided with a CPAP machine when he was incarcerated at FCI Hazelton, but the machine was "lost in transit" when he was transferred to the D. Ray James Correctional Facility on May 21, 2019. *Id.* at 3. On August 8, 2019, Morgan's administrative request for a CPAP machine at the D. Ray James Correctional Facility was denied. *Id.* at 7.

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction. *See United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (Sullivan, J.) ("[S]ection 3582(c)'s exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first

satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 2:16-CR-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

### III.

Morgan has not made any showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for a sentence reduction by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). Because he has not satisfied this statutory requirement, Morgan's motion for a sentence reduction is not properly before the Court.

### IV.

Accordingly,

**IT IS ORDERED** that Morgan's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 1, 2020.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE