# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 93-491 |
| MAXON HARVEY MORGAN | SECTION I |

### ORDER & REASONS

Before the Court is *pro se* defendant Maxon Harvey Morgan's ("Morgan") third motion[1] for compassionate release and a separate motion for "Recall of Judgement [sic] on Compassionate Release pursuant To Rule;60b5; Newly Discovered Medical Conditions."[2] The government opposes the motion for compassionate release,[3] to which Morgan replied.[4]

Because the Court already denied Morgan's previous motion for compassionate release on the merits—based alternatively on its finding that (1) Morgan failed to show extraordinary and compelling reasons warranting his release and, even if not, (2) Morgan poses a safety threat to others or the community—the Court need not again consider whether Morgan has presented extraordinary and compelling reasons for release. Instead, the Court concludes that Morgan is not entitled to

---

[1] R. Doc. No. 561.
[2] R. Doc. No. 568. Because both filings request the same relief—compassionate release—the Court considers them both as one, treating the latter motion as a supplemental memorandum in support of the first.
[3] R. Doc. No. 556.
[4] R. Doc. No. 567.

compassionate release, so it denies the motions after considering the relevant policy statement and applicable sentencing factors in 18 U.S.C. § 3553(a).

I.

The Court is familiar with the facts of Morgan's case, which are set forth more fully in its prior order.[5] In 1994, Morgan was convicted at trial and sentenced to 432 months' imprisonment for conspiracy to import 500 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 963. *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). Morgan is currently incarcerated at the Giles W. Dalby Correctional Institution ("Dalby"), and his projected release date is March 12, 2023.[6] The U.S. Immigration and Customs Enforcement agency has a detainer against Morgan to determine whether he is subject to deportation; this detainer is effective until June 21, 2025.[7]

On April 27, 2020, Morgan filed a motion for compassionate release, citing the COVID-19 pandemic and his suffering from sleep apnea—which he argued was not being adequately treated at his place of confinement.[8] The Court dismissed without prejudice Morgan's motion on June 1, 2020, finding that he failed to exhaust his administrative remedies.[9] On June 16, 2020, Morgan filed a motion to reconsider that order.[10]

---

[5] *See* R. Doc. No. 558.
[6] *Inmate Locator*, BOP, https://www.bop.gov/inmateloc/ (last visited July 7, 2021).
[7] R. Doc. No. 540-2, at 1.
[8] R. Doc. No. 538, at 4.
[9] R. Doc. No. 543.
[10] R. Doc. No. 545.

2

This Court granted reconsideration and, upon reconsideration, denied Morgan's motion for compassionate release on the merits.[11] The Court reasoned that Morgan's sleep apnea did not constitute an extraordinary and compelling reason warranting compassionate release and, even if it was, Morgan still failed to "demonstrate[] that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'"[12] Under what the Court considered to be the prevailing law at the time, that § 3142(g) finding required the Court to deny Morgan's motion.[13] Accordingly, it denied the motion on the alternative ground that Morgan presents a danger to others or the community.[14]

**II.**

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has some exceptions, which, under the First Step Act, may now be presented to the court upon a defendant's motion.[15] For such a motion to be properly before the court, the defendant must either exhaust all

---

[11] *See generally* R. Doc. No. 558.
[12] *Id.* at 13 (quoting U.S.S.G. § 1B1.13(2)).
[13] *See id.* at 13 ("Section 3142(g) *requires* the Court to consider" the dangerousness of the defendant.) (emphasis added). As discussed further below, the § 3142(g) finding and the remainder of the Sentencing Guidelines' policy statement may guide the Court's analysis of a prisoner's *pro se* compassionate release motion, but it does not bind the Court.
[14] *Id.* ("*Even if the Court were to find* that Morgan's circumstances presented extraordinary and compelling reasons to grant compassionate release, he still has not demonstrated that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'") (emphasis added).
[15] The First Step Act provided defendants a mechanism to unilaterally move for a sentence reduction; previously, the "Director of the Bureau of Prisons" needed to file the motion. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239.

3

administrative remedies, or thirty days must elapse "from the receipt of [a compassionate release request] by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

The court "may" grant such a motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c). The court must also conclude, however, that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual. The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted).

As noted above, the First Step Act provided a new avenue to request compassionate release. Previously, only the Director of the Bureau of Prisons ("BOP")—not defendants on their own—could move for compassionate release. The First Step Act changed that, but the Sentencing Commission's policy statements have lagged behind. Because these policy statements have not been amended since the enactment of the First Step Act, portions of them now contradict 18 U.S.C. § 3582(c)(1)(A).[16]

---

[16] For example, the policy statement referenced above begins with, "[u]pon a motion by the Director of the Bureau of Prisons"—which implies that the entire statement applies only to such motions (and not those filed by defendants). U.S.S.G. § 1B1.13,

4

However, the Fifth Circuit recently clarified that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[] [its] analysis." *Thompson*, 984 F.3d at 433.

## III.

Although Morgan's present motions reference additional medical conditions from which he now suffers,[17] this Court need not determine whether they rise to the level of extraordinary and compelling. Assuming that they are,[18] the Court still

---

Policy Statement; *see also id.* cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons[.]"); *see also United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (noting the discrepancy).

[17] Specifically, Morgan states that, in addition to suffering from sleep apnea, he has "acute esophagitis," "acute musculoskeletal pain in right leg," "a blood circulation condition that can cause him a stroke," and his "liver enzymes ha[ve been] elevated since he contracted COVID-19 in 2020." R. Doc. No. 568, at 6–9 (capitalization altered).

[18] However, the Court doubts that they are. The Court also assumes *arguendo* that Morgan has adequately exhausted his administrative remedies. Responding to his original motion, the government argued that Morgan failed to exhaust his administrative remedies because his prior request to the warden did not mention any ailments other than his sleep apnea. R. Doc. No. 566, at 10. Morgan's most recent motion, which he filed after the government filed its opposition to his prior motion, lists additional conditions that Morgan contends flowed from his contracting COVID-19. R. Doc. No. 568, at 7–8. And attached to that motion is Morgan's request to the warden, dated January 27, 2021, which cited those same conditions and requested compassionate release based on them. R. Doc. No. 568-1, at 16. The BOP denied that request, which Morgan also attached to his motion. *Id.* at 17–18. Therefore, Morgan presented the same arguments he makes here to his warden, so he appears to have cured the defect to which the government originally objected.

5

denies Morgan's motion after considering the relevant policy statement and all applicable sentencing factors in 18 U.S.C. § 3553(a).

Morgan still has not demonstrated that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Although that finding, being derived from the policy statement, does not bind the Court, *see Shkambi*, 993 F.3d at 393, it still "informs [the Court's] analysis." *Thompson*, 984 F.3d at 433. The Court previously found that Morgan did not satisfy this requirement,[19] and that finding stands—Morgan does not qualify for compassionate release because he presents a danger to the safety of others or the community.

Moreover, what *does* bind the Court are the applicable sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts, prior to granting compassionate release, to "consider[] the factors set forth in section 3553(a) to the extent they are applicable"); *Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").

Considering the applicable factors in 18 U.S.C. § 3553(a), the Court denies Morgan's present motion. As the Court explained more fully in its prior denial of Morgan's second motion for compassionate release,[20] Morgan was convicted of conspiring to import from Honduras more than 500 kilograms of cocaine

---

[19] *See* R. Doc. No. 558, at 13–15.
[20] *Id.*

6

hydrochloride, in violation of 21 U.S.C. § 963.[21] Further, Morgan's sentence was enhanced for obstruction of justice: just *two months* after his conviction, while he was awaiting sentencing, Morgan and others formed a plan to escape from his place of confinement—an elaborate plan that would have allowed both Morgan and his co-conspirators to abscond abroad.[22] And Morgan has had disciplinary issues while incarcerated, including, most recently, possessing alcohol or drugs in prison.[23]

The nature and circumstances of Morgan's narcotics offense, as well as his prior plan to escape detention, demonstrate that he would be a danger to the safety of any person or the community if released.[24] Furthermore, after considering the applicable sentencing factors—specifically, the nature and circumstances of Morgan's offense and his history and characteristics, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence imposed to (1) reflect the seriousness of Morgan's offense and promote respect for the law, (2) afford adequate deterrence to criminal conduct, and (3) protect the public from further crimes, *id.* § 3553(a)(2)(A)–(C)—the Court concludes that Morgan's motions should be denied.

---

[21] *Id.*
[22] *Id.* at 14 (citing R. Doc. No. 540-7, at 5 ¶¶ 12–15, & 6 ¶ 22).
[23] *Id.* (citing R. Doc. No. 540-6, at 1).
[24] Morgan's disciplinary violations continue to demonstrate a disrespect for authority. *See United States v. Helmstetter*, No. 92-469, 2021 WL 310355, at *7 (E.D. La. Jan. 29, 2021) (Africk, J.) (reasoning the same).

IV.

Accordingly,

**IT IS ORDERED** that Morgan's motion[25] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and the motion[26] to recall this Court's prior order and reasons previously denying the same, are **DENIED**.

New Orleans, Louisiana, July 8, 2021.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. No. 561.
[26] R. Doc. No. 568.