UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 93-491 |
| MAXON HARVEY MORGAN, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is *pro se* defendant Maxon Harvey Morgan's ("Morgan") motion[1] for a reduction in sentence "pursuant to 18 U.S.C. § 3582(c)(2) and 782 Drug Minus Two Amendment." The United States opposes the motion.[2] For the following reasons, Morgan's motion is denied.

### I.

The Court is familiar with the facts of Morgan's case, which are set forth more fully in prior orders.[3] In 1994, Morgan was convicted and sentenced to 432 months imprisonment for conspiracy to import 500 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 963. *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). Morgan's projected release date is April 22, 2023.[4] The U.S. Immigration and Customs Enforcement agency has a detainer pending against

---

[1] R. Doc. No. 579, at 1.
[2] R. Doc. No. 581.
[3] *See, e.g.*, R. Doc. Nos. 543 & 558.
[4] *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited January 3, 2022).

Morgan to determine whether he is subject to deportation; this detainer is effective until June 21, 2025.[5]

Morgan's instant motion seeks a sentence reduction of 16 months "in light of the 782 Amendment," on the basis that Morgan's pre-sentence investigation report ("PSI") "still reflects that [Morgan] is sentence[d] under level 40 instead of level 38 as the Fifth Circuit" previously declared.[6] The United States opposes the motion based on the Fifth Circuit's determination that Morgan is "'ineligible for a sentence reduction under Amendment 782 because it had no effect on his base-offense level.'"[7]

## II.

"The law of the case doctrine 'applies to a single proceeding, and operates to foreclose re-examination of decided issues either on remand or on a subsequent appeal.'" *United States v. Dillon*, No. 03-252, 2019 WL 3779513, at *1 (E.D. La. Aug. 12, 2019) (Feldman, J.) (quoting *United States v. Calton*, 900 F.3d 706, 714 (5th Cir. 2018) (citation and quotation marks omitted)).[8] This discretionary doctrine "is essential to the orderly administration of justice." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). "Without this doctrine, cases would end only when obstinate litigants tire of re-asserting the same arguments over and over again[,] in the hopes of obtaining a more sympathetic panel[.]" *Id*. (citation omitted). Consistent

---

[5] R. Doc. No. 540-2, at 1.
[6] R. Doc. No. 579, at 2.
[7] R. Doc. No. 581, at 2 (quoting *Morgan*, 866 F.3d at 676).
[8] This Court has jurisdiction to consider Morgan's motion. *Calton*, 900 F.3d at 711 (holding that district courts have jurisdiction to consider successive § 3582(c)(2) motions).

with that doctrine's discretionary nature, there are three exceptions to its application: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Id*. (citation omitted).

### III.

This Court previously decided that Morgan is "ineligible for a section 3582 sentencing reduction," because "Amendment 782 results in no change in [Morgan's] base offense level."[9]  Morgan appealed that decision, and the Fifth Circuit affirmed: "Morgan was responsible for more than 500 kilograms of cocaine.  After Amendment 505, his base-offense level was 38. Amendment 782 left his base-offense at 38. It therefore did 'not have the effect of lowering the defendant's applicable guideline range.'" *Morgan*, 866 F.3d at 677 (quoting *United States v. Bowman*, 632 F.3d 906, 910 (5th Cir. 2011)).

The Fifth Circuit has squarely addressed the issue that Morgan raises here. *Id*.  Morgan provides no suggestion of an intervening change of law by a controlling authority or that the Fifth Circuit's decision was clearly erroneous and would work a manifest injustice.[10]  Morgan is not eligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782.

Accordingly, for the foregoing reasons,

---

[9] R. Doc. No. 506.  The Honorable Kurt D. Engelhardt entered this prior order when he presided over Morgan's case as a United States District Judge.  Morgan's case has since been re-allotted to this Court.

[10] R. Doc. No. 579, at 1–2.  Likewise, no subsequent trial has been held.

**IT IS ORDERED** that Morgan's motion for a reduction in sentence is **DENIED**.

New Orleans, Louisiana, January 3, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**