UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 93-491 |
| MAXON HARVEY MORGAN, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is *pro se* defendant Maxon Harvey Morgan's ("Morgan") motion[1] for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii). The United States ("the government") opposes the motion.[2] For the following reasons, Morgan's motion is dismissed without prejudice in part and denied in part.

### I.   BACKGROUND

In 1994, Morgan was convicted and sentenced to a term of 432 months imprisonment for conspiracy to import 500 kilograms or more of cocaine, in violation of 21 U.S.C. § 963.[3] *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). Morgan is currently incarcerated at Victorville Medium I FCI ("FCI Victorville"), and

---

[1] R. Doc. No. 585. Morgan also filed a "Reply Motion to the Government Opposition Motion," R. Doc. No. 589, and a "Motion to Justify Petitioner Release from Prison Pursuant to His Compassionate Release Motion," R. Doc. No. 590. The additional motions were filed on September 7 and September 13, 2022, respectively—before the government filed its opposition on September 21, 2022. As both additional filings request the same relief as Morgan's first motion requesting compassionate release (R. Doc. No. 585), raise no new arguments, and were filed before the government's opposition, the Court considers all filings as one, treating the latter motions as supplemental memoranda in support of the first.
[2] R. Doc. No. 591.
[3] The facts of this case are set forth more fully in prior orders. *See*, *e.g.*, R. Doc. Nos. 543 & 558.

his projected release date is April 22, 2023.[4] The United States Immigration & Customs Enforcement agency has a detainer pending against Morgan to determine whether he is subject to deportation; this detainer is effective until June 21, 2025.[5]

Morgan has filed numerous prior motions for a reduction in sentence.[6] Of particular relevance here is Morgan's April 27, 2020 motion for compassionate release, in which Morgan asserted that the COVID-19 pandemic and his sleep apnea—which he argued was not being adequately treated at his place of confinement—constituted extraordinary and compelling reasons warranting a reduction in sentence.[7] The Court dismissed the motion without prejudice on June 1, 2020, finding that Morgan failed to exhaust his administrative remedies.[8] On June 16, 2020, Morgan filed a motion to reconsider that order.[9] The Court granted reconsideration and, upon reconsideration, denied Morgan's motion for

---

[4] *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2022).
[5] R. Doc. No. 591-1, at 1.
[6] *See, e.g.*, R. Doc. No. 430 (Motion for Reduction of Sentence); R. Doc. No. 446 (Motion for Reconsideration of Order Denying Reduction of Sentence); R. Doc. 465 (Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses); R. Doc. No. 475 (Motion for Retroactive Application of Guidelines); R. Doc. Nos. 499–501 (Motions to Reduce Sentence re: USSC Amendment); R. Doc. No. 517 (Motion for Release Pending 18 U.S.C. 3582, 782 Amendment Appeal); R. Doc. No. 518 (Motion for Release Pending Appeal); R. Doc. No. 526 (Motion to Reduce Sentence re: USSC Amendment 794); R. Doc. No. 538 (Motion for Compassionate Release under First Step Act); R. Doc. No. 545 (Motion for Reconsideration regarding R. Doc. No. 543); R. Doc. No. 568 (Motion to Recall Judgement); R. Doc. No. 571 (Motion to Alter or Amend Judgment); R. Doc. No. 579 (Motion to Reduction of Sentence); R. Doc. No. 583 (Motion to Amend R. Doc. No. 538 Motion for Compassionate Release).
[7] R. Doc. No. 538, at 4.
[8] R. Doc. No. 543.
[9] R. Doc. No. 545.

2

compassionate release on the merits.[10] The Court concluded that Morgan's sleep apnea did not constitute an extraordinary and compelling reason and, even if it was, Morgan still failed to demonstrate that he was not a danger to the safety of any person or to the community.[11]

Morgan's instant motion seeks a sentence reduction of the remainder of his sentence—fewer than 180 days as of the date of the issuance of this Order & Reasons. The bases of Morgan's request are: (1) he is not receiving adequate medical care for a number of medical conditions, including sleep apnea, high blood pressure, and vision issues[12]; and (2) Morgan's father and uncle passed away, leaving his nine-year-old nephew in the care of Morgan's sister, who does not have the financial means to care for the child and she has also attempted suicide.[13]

The Government opposes Morgan's motion on the grounds that: (1) Morgan has exhausted his administrative remedies only with regards to his claim based on his sleep apnea; (2) Morgan has failed to meet his burden of demonstrating extraordinary and compelling reasons for relief on the merits regarding the sleep apnea claim; and (3) the 18 U.S.C. § 3553(a) sentencing factors outweigh any "extraordinary and compelling" circumstances Morgan asserts.[14]

---

[10] R. Doc. No. 558.
[11] *Id.* at 13–15 (citing 18 U.S.C. § 3142(g)).
[12] R. Doc. No. 585, at 1–2.
[13] *Id.* at 2.
[14] R. Doc. No. 591, at 1.

## II. STANDARD OF LAW

### A. Exhaustion

Before a federal court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020). "For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court." *United States v. Samak*, No. 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) (Morgan, J.).

Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government. *Franco*, 973 F.3d at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

4

B.   **Extraordinary and Compelling Reasons**

The Court "may" grant defendant's motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i).[15] According to the statute, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. (ii). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits [16]—has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, this Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id*. Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [its] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical

---

[15] "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021)).

[16] *See United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted). The Application Notes define a medical condition that constitutes an extraordinary and compelling reason as, in relevant part, a "terminal illness (i.e. a serious and advanced illness with an end of life trajectory)" or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A).

The First Step Act provided a new avenue to request compassionate release. Previously, only the Director of the Bureau of Prisons ("BOP")—not defendants themselves—could move for compassionate release. The First Step Act changed that, but the Sentencing Commission's policy statements have lagged behind. Because these policy statements have not been amended since the enactment of the First Step Act, portions of the statements now contradict 18 U.S.C. § 3582(c)(1)(A).[17]

### III. LAW & ANALYSIS

The Court finds, as discussed below, that (1) Morgan failed to exhaust his administrative remedies, except as to his claim pertaining to his sleep apnea, (2) his sleep apnea does not qualify as an extraordinary and compelling reason justifying

---

[17] For example, the policy statement referenced above begins with "[u]pon motion by the Director of the Bureau of Prisons"—which implies that the entire statement applies only to motions made by the director of the BOP (and not those filed by defendants). U.S.S.G. § 1B1.13, Policy Statement; *see also id.* cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons[.]"); *see also United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (noting the discrepancy).

compassionate release, and (3) even if there were extraordinary and compelling reasons, Morgan has not carried his burden of showing that the applicable § 3553(a) factors justify his release.[18]

### A. Exhaustion of Administrative Remedies

Morgan submitted a request for compassionate release to the Associate Warden of FCI Victorville on June 1, 2022, on the basis of having a "chronic illness called sleep apnea."[19] The Associate Warden never responded.[20] The government acknowledges that more than 30 days have passed since Morgan's request to the Associate Warden, and that Morgan therefore has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A) as to his request based on his sleep apnea.[21] Accordingly, only the merits of Morgan's arguments pertaining to sleep apnea are once again before the Court.

Morgan's request to the Associate Warden was based exclusively on his medical condition of sleep apnea; it did not discuss Morgan's claims of high blood pressure and vision issues, or claims relating to the care of his nephew. As noted previously, a § 3582(c)(1)(A) "request must be premised on the same facts alleged in the corresponding motion filed with the court." *Samak*, 2020 WL 2473780, at *2.

---

[18] *See United States v. Helmstetter*, No. CR 92-469, 2021 WL 310355, at *4 (E.D. La. Jan. 29, 2021) (Africk, J.); *see also United States of America v. David Shearod*, No. 15-306, 2022 WL 656210, at *3 (E.D. La. Mar. 4, 2022) (Zainey, J.) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").
[19] R. Doc. No. 585-1, at 1.
[20] R. Doc. No. 585, at 2; R. Doc. No. 591, at 5.
[21] R. Doc. No. 591, at 5.

7

Morgan does not allege that he requested that the Associate Warden file a motion for compassionate release on his behalf based on his high blood pressure, vision issues, or family circumstances, and the government has invoked the mandatory claim processing rule. *Franco*, 973 F.3d at 468–69. Accordingly, Morgan's requests for reduction of sentence based on all grounds except for his sleep apnea will be dismissed without prejudice.

### B. Extraordinary and Compelling Reasons

As the Court has previously held, sleep apnea does not constitute an extraordinary and compelling reason warranting compassionate release.[22] As the Court noted in its September 9, 2020 order in which the Court denied Morgan's motion for reconsideration, "there is no evidence that sleep apnea increases the risk of COVID-19 infection or increases the severity of infection if exposed."[23] Nor, as the Court also noted, does sleep apnea rise to the level of terminal illness or substantially diminish Morgan's ability to provide self-care from within FCI Victorville. Further, Morgan received a Continuous Positive Airway Pressure ("CPAP") machine on September 20, 2022,[24] which shows not only that he is being provided the necessary medical treatment for his condition, but also evidences Morgan's ability to care for

---

[22] R. Doc. No. 570, at 3.
[23] R. Doc. No. 558, at 10 (citing *People with Certain Medical Conditions, Coronavirus Disease 2019 (COVID-19)*, CDC (Oct. 19, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https% 3A% 2F% 2Fwww.cdc.gov% 2Fcoronavirus% 2F2019-ncov% 2Fneed-extra-precautions% 2Fgroups-at-higher-risk.html).
[24] R. Doc. No. 591, at 4.

his sleep apnea while incarcerated.[25] Accordingly, Morgan's sleep apnea is not an extraordinary or compelling reason warranting a reduction in sentence.

### C. Applicable § 3553(a) Factors

Though the Court has found that Morgan's sleep apnea does not constitute an extraordinary and compelling reason, and therefore it need not "consider[] the factors set forth in 18 U.S.C. § 3553(a),"[26] 18 U.S.C. § 3582(c)(1)(A), the Court nonetheless concludes, in the alternate, that compassionate release is not warranted by the 18 U.S.C. § 3553(a) factors. The most applicable factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (3) the need "to afford adequate deterrence to criminal conduct," and (4) the need to "protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C).

---

[25] Other courts have agreed that sleep apnea does not amount to an extraordinary or compelling reason for release. *See United States v. Celestine*, No. 18-83, 2020 WL 3791889, at *1, *3 (E.D. La. July 7, 2020) (Milazzo, J.) (denying a motion for compassionate release where the defendant was 59 years old and suffered from hypertension, high cholesterol, and sleep apnea because the defendant did "not identif[y] any medical condition that puts him at a greater risk for severe consequences from contracting COVID-19."); *United States v. Garcia-Hernandez*, No. 20-01687, 2021 WL 4146344, at *5 (S.D. Tex. Sept. 13, 2021), *appeal dismissed*, No. 21-40736, 2022 WL 987185 (5th Cir. Mar. 31, 2022) (stating that "sleep apnea is simply not a risk-enhancer for severe illness from COVID-19" and finding defendant had not shown extraordinary and compelling reasons warranting release under § 3582(c)(1)(A)(i)).

[26] "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and *Thompson*, 984 F.3d at 433–35).

As the Court explained more fully in its prior denial of Morgan's second motion for compassionate release,[27] Morgan was convicted of conspiring to import from Honduras more than 500 kilograms of cocaine, in violation of 21 U.S.C. § 963.[28] Further, Morgan's sentence was enhanced for obstruction of justice: just two months after his conviction, while he was awaiting sentencing, Morgan and others formed a plan to escape from his place of confinement—an elaborate plan involving Selsun Blue shampoo and toilet paper that would have allowed both Morgan and his co-conspirators to abscond abroad.[29] And Morgan has had disciplinary issues while incarcerated, including, most recently, possessing alcohol or drugs in prison.[30]

Given the nature and circumstances of Morgan's narcotics offense, his prior plan to escape detention, disciplinary issues, and the applicable § 3553(a)(2) factors, the Court concludes that compassionate release is not appropriate.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Morgan's motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his high blood pressure, vision issues, and the care of his nephew is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Morgan's motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his sleep apnea is **DENIED**.

---

[27] R. Doc. No. 558, at 13–15.
[28] Id.
[29] *Id.* at 14 (citing R. Doc. No. 540-7, at 5 ¶¶ 12–15, & 6 ¶ 22).
[30] R. Doc. No. 591-3, at 1.

New Orleans, Louisiana, October 28, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**